PER CURIAM
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Bradley O. Hicks, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.[1]
FORMAL CHARGES
The Petree Matter
In June 2011, respondent was appointed as Timothy Petree's public defender. Respondent did not meet with Mr. Petree to discuss the status, facts, and strategy of his case prior to his arraignment, at which he pleaded guilty. On June 23, 2015, Mr. Petree sent respondent correspondence in which he requested a copy of his discovery. Respondent failed to respond to Mr. Petree's request.
Despite receiving notice on January 7, 2016 of Mr. Petree's disciplinary complaint against him, respondent failed to provide a response to the ODC. Thereafter, respondent was twice served with subpoenas to provide a sworn statement to the ODC. He appeared for neither the sworn statement scheduled for August 30, 2016 nor the sworn statement scheduled for March 8, 2017.
The ODC alleged that respondent's conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence *1023 and promptness in representing a client), 1.4 (failure to communicate with a client), 8.1(c) (failure to cooperate with the ODC in its investigation), and 8.4(a) (violation of the Rules of Professional Conduct).
The Irons Matter
In October 2015, Zachary Irons hired respondent to represent him in a child custody matter. Mr. Irons paid respondent $1,000 towards a fee of $1,800, and he and respondent agreed that he would pay the balance in $100 installments. Thereafter, respondent stopped communicating with Mr. Irons and failed to file any pleadings on his behalf. After several unsuccessful attempts to contact respondent, Mr. Irons requested a refund of the fee paid. Respondent failed to provide the refund.
The ODC attempted to provide respondent with notice of Mr. Irons' disciplinary complaint against him but was unsuccessful. Thereafter, respondent was twice served with subpoenas to provide a sworn statement to the ODC. He appeared for neither the sworn statement scheduled for August 30, 2016 nor the sworn statement scheduled for March 8, 2017.
The ODC alleged that respondent's conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, 1.5 (fee arrangements), 1.16(b)(5) (a lawyer may withdraw from representing a client if the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled), 1.16(c) (a lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation), 1.16(d) (obligations upon termination of the representation), 8.1(c), and 8.4(a).
The Coleman Matter
In October 2014, Reda Coleman and her siblings hired respondent to handle their parents' succession, paying respondent $1,200. Respondent filed the judgment of possession on March 27, 2015 but failed to sign it. As a result of this and other errors, the judgment was rejected. Ms. Coleman and her siblings had to hire new counsel to complete the succession. Ms. Coleman unsuccessfully attempted to communicate with respondent about a refund of the unearned fee.
Despite receiving notice on November 4, 2016 of Ms. Coleman's disciplinary complaint against him, respondent failed to provide a response to the ODC. Thereafter, respondent was twice served with subpoenas to provide a sworn statement to the ODC. He appeared for neither the sworn statement scheduled for August 30, 2016 nor the sworn statement scheduled for March 8, 2017.
The ODC alleged that respondent's conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, 1.5, and 8.1(c).
The Hughes Matter
In January 2015, Audriana Hughes hired respondent to expunge her felony record, paying him $1,200. The last time Ms. Hughes communicated with respondent was in August 2015 when respondent requested her address so he could send her documents. Ms. Hughes never received the documents or any other information from respondent. She then contacted the court and learned respondent had not filed anything on her behalf.
The ODC's investigator hand-delivered notice of Ms. Hughes' disciplinary complaint against respondent to him on February 17, 2017. Nevertheless, respondent failed to respond to the complaint.
The ODC alleged that respondent's conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, 1.5, 1.16(b)(5), 1.16(c), 1.16(d), 8.1(c), and 8.4(a).
*1024 DISCIPLINARY PROCEEDING
The ODC filed the aforementioned formal charges against respondent in May 2017. Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee's consideration.
Hearing Committee Report
After considering the ODC's deemed admitted submission, the hearing committee found that the factual allegations set forth in the formal charges were deemed admitted. Based on those facts, the committee determined respondent violated the Rules of Professional Conduct as alleged.
The committee then determined respondent knowingly violated duties owed to his clients and the legal profession. His misconduct caused actual and potential harm to his clients. After considering the ABA's Standards for Imposing Lawyer Sanctions , the committee determined the baseline sanction is suspension.
In aggravation, the committee found a dishonest or selfish motive, a pattern of misconduct, multiple offenses, substantial experience in the practice of law (admitted 1995), and indifference to making restitution. In mitigation, the committee found only the absence of a prior disciplinary record.
In light of the above findings and after reviewing this court's prior jurisprudence addressing similar misconduct, the committee recommended respondent be suspended from the practice of law for two years. The committee further recommended respondent be required to make restitution as follows: $1,000 to Mr. Irons, $1,200 to Ms. Coleman and her siblings, and $1,200 to Ms. Hughes.
Neither respondent nor the ODC filed an objection to the hearing committee's report.
Disciplinary Board Recommendation
After review, the disciplinary board noted that the factual allegations in the formal charges were deemed admitted and proven. As such, the board found that the hearing committee's factual findings are supported by the deemed admitted facts and the evidence submitted in support thereof. Based on those facts, the board determined respondent violated the Rules of Professional Conduct as alleged, with one exception. Rule 1.16(b)(5) provides that an attorney may withdraw from a representation, after giving reasonable warning, if the client fails to fulfill an obligation to the attorney. The board determined there is no evidence indicating a client failed to fulfill an obligation to respondent; thus, the board found the ODC failed to prove a violation of this rule.
Like the committee, the board determined respondent knowingly violated duties owed to his clients and the legal profession. In addition to finding respondent's misconduct damaged the legal profession, the board found that his misconduct caused actual and potential harm to his clients. Also like the committee, the board determined the baseline sanction is suspension based upon the ABA's
Standards for Imposing Lawyer Sanctions .
In aggravation, the board found a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, vulnerability of the victims, substantial experience in the practice of law, and indifference to making restitution. The *1025 board agreed with the committee that the sole mitigating factor is the absence of a prior disciplinary record.
Turning to the issue of an appropriate sanction, the board found guidance from the cases of In re: Gray , 14-2085 (La. 3/17/15), 166 So.3d 969, and In re: Lewis, 08-2293 (La. 1/21/09), 1 So.3d 444. In Gray , an attorney neglected four legal matters, failed to communicate with those clients, failed to return his clients' files upon request, failed to refund unearned fees to two clients, and failed to cooperate with the ODC in its investigations. For this misconduct, the court suspended the attorney from the practice of law for two years and ordered the attorney to participate in the fee dispute resolution program with two clients. In Lewis, an attorney neglected three legal matters, failed to communicate with his clients, failed to account for funds received from the clients or on their behalf, failed to properly withdraw from the cases upon relocating out of state, and failed to cooperate with the ODC in its investigation. For this misconduct, the court suspended the attorney from the practice of law for two years and ordered the attorney to render accountings and make restitution of any unearned fees.
In light of the above, the board recommended respondent be suspended from the practice of law for two years. The board also recommended respondent be required to make restitution as set forth in the committee's report and, additionally, provide Mr. Petree with a copy of his entire file.
Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5 (B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks , 09-1212 (La. 10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan , 01-3058 (La. 1/10/03), 838 So.2d 715.
The evidence in the record of this deemed admitted matter supports a finding that respondent neglected legal matters, failed to communicate with his clients, failed to refund unearned fees, and failed to cooperate with the ODC in its investigations. As such, he has violated the Rules of Professional Conduct as determined by the disciplinary board.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis , 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and *1026 the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington , 459 So.2d 520 (La. 1984).
Respondent violated duties owed to his clients and the legal profession. He acted knowingly and caused actual and potential harm. The applicable baseline sanction in this matter is suspension.
Aggravating factors include a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, vulnerability of the victims, substantial experience in the practice of law, and indifference to making restitution. The sole mitigating factor is the absence of a prior disciplinary record.
In light of the aggravating factors and the case law cited by the board, we will adopt the board's recommendation and suspend respondent from the practice of law for two years. We further order respondent to provide Mr. Petree with a copy of his entire file and to make restitution, with legal interest, as follows: $1,000 to Mr. Irons, $1,200 to Ms. Coleman and her siblings, and $1,200 to Ms. Hughes.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Bradley O. Hicks, Louisiana Bar Roll number 23777, be and he hereby is suspended from the practice of law for two years. It is further ordered that respondent shall provide Timothy Petree with a copy of his entire file and shall make restitution, with legal interest, as follows: $1,000 to Zachary Irons, $1,200 to Reda Coleman and her siblings, and $1,200 to Audriana Hughes. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.

Respondent was admitted to the practice of law in Louisiana in 1995. On June 3, 2016, respondent was declared ineligible to practice law for failing to comply with mandatory continuing legal education requirements. Soon thereafter, he was also declared ineligible to practice law for failing to pay bar dues and the disciplinary assessment.